UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: THE MATTER OF CELLA III, LLC** | **CIVIL ACTION**<br><br>NO. 20-1650-WBV-JVM<br><br>SECTION: D (1) |

### ORDER AND REASONS

Before the Court is a Motion for Leave to Appeal Filed by Girod LoanCo, LLC (hereinafter, "Girod").[1] Plaintiff, Cella III, LLC ("Cella"), opposes the Motion.[2] After careful consideration of the Motion, the parties' memoranda and the applicable law, the Motion is **DENIED**.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

This matter arises from an adversary proceeding currently pending before the United States Bankruptcy Court for the Eastern District of Louisiana (the "Bankruptcy Court").[3] According to Girod, First NBC Bank ("FNBC") was the owner and holder of three promissory notes executed by Cella as well as a mortgage secured by certain commercial real estate owned by Cella.[4] FNBC ultimately failed, and on April 28, 2017, the Federal Deposit Insurance Corporation (the "FDIC") was appointed as receiver for FNBC.[5] On May 10, 2017, the FDIC notified Cella that FNBC was in receivership and that the FDIC was now the owner of Cella's

---

[1] R. Doc. 1.
[2] R. Doc. 2.
[3] *See* R. Doc. 1-4.
[4] R. Doc. 1 at ¶ 4.
[5] *Id.* at ¶ 5.

indebtedness. George A. Cella, III signed the notice on July 5, 2017.[6] On May 11, 2017, First NBC Bank Holding Company (the "Holding Company"), the parent company of FNBC, filed a voluntary bankruptcy petition.[7] Girod alleges that five months later, on October 6, 2017, Cella and two related entities filed suit against the Holding Company, alleging that the Holding Company breached its fiduciary duty and committed acts of predatory lending in violation of La. Civ. Code art. 2315.[8] Girod asserts that no answer was filed in the lawsuits,[9] and that the Holding Company filed a Notice of Bankruptcy in each case on October 30, 2017 and October 31, 2017.[10]

Girod alleges that on November 13, 2017, the FDIC assigned the notes evidencing Cella's indebtedness to Girod.[11] Girod claims that Cella initially made payments on the indebtedness until Cella filed for bankruptcy on June 5, 2019.[12] Girod asserts that Cella filed an adversary proceeding against it on September 4, 2019, seeking damages and declaratory relief, and alleging for the first time that Cella was entitled to redeem the sale of litigious rights based on its unanswered suit against the Holding Company.[13] Cella claims that it asserted the following causes of action against Girod in its Complaint for Declaratory Relief: (1) wrongful seizure; (2) violation of Louisiana's Unfair Trade Practices Act; (3) forfeiture of usurious interest;

---

[6] *Id*.
[7] *Id*.
[8] *Id*. at ¶ 6.
[9] *Id*. Although Girod refers to multiple "suits" filed against the Holding Company, Girod fails to provide the Court with any information regarding the lawsuit(s) referenced.
[10] *Id*. at ¶ 7.
[11] R. Doc. 1 at ¶ 8.
[12] *Id*.
[13] *Id*.

(4) breach of contract; (5) adjustment of stipulated damages; (6) avoidance of preferential transfer; and (7) redemption of litigious rights.[14] Girod asserts that it filed a Motion for Partial Summary Judgment on April 14, 2020, seeking dismissal of Cella's claims for redemption of litigious rights and violation of Louisiana's Unfair Trade Practices Act.[15] Girod claims that it sought dismissal of Cella's claims for redemption of litigious rights on several grounds, including: (1) FNBC's right to enforce the notes was never contested; (2) litigious rights assigned to or by the FDIC as receiver cannot be redeemed; and (3) assuming Cella had a right to redeem the litigious rights, Cella waived such rights by waiting a year and a half to assert them.[16]

Girod asserts that its Motion For Partial Summary Judgment came before the Bankruptcy Court on May 18, 2020, and was denied with reasons orally assigned.[17] Girod claims that the Bankruptcy Court's Judgment denying the Motion was signed on May 20, 2020, and entered into the record on May 21, 2020.[18] Girod initially asserts that the Motion was denied as premature, with the Bankruptcy Court concluding that "it could not rule on whether or not Cella was entitled to redeem the sale of litigious rights" until Cella received sufficient evidence of the amount Girod paid for assignment of the notes evidencing Cella's indebtedness.[19] However, Girod subsequently asserts that the Bankruptcy Court "denied the Motion on the grounds that Cella could not have waived its right to redeem [the sale of litigious rights] as

---

[14] R. Doc. 2 at ¶ 3 (*citing* R. Doc. 21 in Adversary Proceeding No. 19-01129, *In re Cella, III, LLC* (E.D. La. Bankr.)).
[15] R. Doc. 1 at ¶¶ 2 & 9.
[16] *Id*. at ¶ 9.
[17] *Id*. at ¶ 2.
[18] *Id*.
[19] *Id*. at ¶ 3.

Cella did not have sufficient knowledge of the *amount* Girod paid for the loan and security interest."[20]

Girod filed the instant Motion for Leave to Appeal on June 9, 2020, pursuant to 28 U.S.C. § 158(a) and Rule 8004 of the Federal Rules of Bankruptcy Procedure, seeking a reversal of the Bankruptcy Court's ruling on its Motion for Partial Summary Judgment and a dismissal with prejudice of Cella's claim for redemption of litigious rights.[21]  According to Girod, the Fifth Circuit has held that leave to appeal interlocutory orders should be limited to situations where: (1) there is a controlling question of law involved; (2) the question is one where there is substantial ground for difference of opinion; and (3) an immediate appeal will materially advance the ultimate termination of the litigation.[22]  Girod argues that all three requirements are met in this case.  Girod first asserts that the doctrine of litigious rights under La. Civ. Code art. 2652 is a controlling issue of law because if Girod prevails, the claim for redemption would be dismissed, which would save time and money by not having to litigate that issue at trial or seek a later appeal.[23]

Girod then argues that substantial grounds exist for difference of opinions because the Bankruptcy Court's ruling is contrary to every appellate court that has ruled on whether the litigious rights doctrine is applicable to the FDIC and/or its assignees.[24]  Girod does not cite any legal authority to support this assertion.  Girod

---

[20] *Id*. at ¶ 10 (emphasis in original).
[21] *Id*. at ¶ 13.
[22] *Id*. at ¶ 14 (citing *Matter of Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991)).
[23] R. Doc. 1 at ¶ 16.
[24] *Id*. at ¶ 17.

asserts that this Court has consistently held that the litigious rights doctrine does not apply to the FDIC.[25] Girod also asserts that a substantial ground for disagreement exists because whether Cella's unanswered tort suit contested FNBC's right to collect on its promissory note is a difficult question of first impression.[26] Girod maintains, however, that a tort suit for damages against the lender cannot contest the lender's rights to collect on a promissory note, even when the action is based on the lender's alleged misconduct in handling the loans.[27] Girod further asserts that there is significant doubt regarding whether the Bankruptcy Court applied the correct standard in denying its Motion for Partial Summary Judgment because the Bankruptcy Court denied the Motion on the basis that Cella did not waive its right to redeem litigious rights, without considering whether Cella ever had a right to waive.[28]

Finally, Girod asserts that an immediate appeal of the Bankruptcy Court's ruling would materially advance the litigation because it would resolve a significant portion of the litigation.[29] Girod claims that if litigation proceeds on the issue of redemption, it will require expensive and time-consuming discovery regarding the amount Girod paid for the loans, which were part of a bulk purchase and assignment agreement with the FDIC.[30] Girod claims that forcing the parties to litigate the issue

---

[25] *Id.* at ¶ 18 (citing *Federal Deposit Ins. Corp. v. Orril*, 771 F. Supp. 777 (E.D. La. 1991), *affirmed*, 978 F.2d 711 (5th Cir. 1992); *First National Bank v. Braintree, Inc.*, 79 F.3d 1145 (5th Cir. 1996) (unpublished); *FDIC v. Thibaut*, Civ. A. No. 96-2292, 1999 WL 102799 (E.D. La. Feb. 24,1999)).
[26] R. Doc. 1 at ¶¶ 17 & 19 (citing *Dorsey v. Navient Solutions, Inc.*, Civ. A. No. 15-2898, 2015 WL 6442572, at *3 (E.D. La. Oct. 23, 2015)).
[27] R. Doc. 1 at ¶ 20.
[28] *Id.* at ¶ 21.
[29] *Id.* at ¶ 23.
[30] *Id.*

of redemption and wait for a final appeal after trial will lengthen the trial and increase the amount and expense of discovery and pretrial motion practice.[31]

Cella asserts that the Court should deny Girod's Motion because it does not present exceptional circumstances justifying an interlocutory appeal of the Bankruptcy Court's ruling and because an immediate appeal runs counter to principles of judicial economy.[32]  Citing the same Fifth Circuit case as Girod,[33] Cella argues that Girod's Motion should be denied because Girod cannot satisfy any of the three factors set forth in 28 U.S.C. § 1292(b).[34]  Beginning with factor three, Cella asserts that immediate interlocutory review of the Bankruptcy Court's ruling will not expedite this lawsuit or significantly change the way the proceeding is conducted because trial is scheduled for July 27, 2020, and discovery and trial preparation will proceed regardless of the appeal.[35]  Cella points out that an immediate appeal will not terminate the litigation and, as such, will waste judicial resources.  Cella also asserts that Girod has failed to satisfy the second prong of § 1292(b), that there are substantial grounds for difference of opinion, because Girod has not shown that it has a good chance of success on appeal.[36]  Cella claims that the cases cited by Girod to support its argument that the litigious rights doctrine is not applicable to the FDIC are distinguishable or flawed.  Cella further asserts that its lawsuit contesting the

---

[31] *Id.* at ¶ 24.
[32] R. Doc. 2 at p. 2.
[33] *Id.* at p.4 (citing *Matter of Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991)).
[34] R. Doc. 2 at p. 5.
[35] *Id.*
[36] *Id.* at p. 6 (citing *U.S. ex rel. LaValley v. First Nat. Bank of Boston*, Civ. A. No. 86-236, 1990 WL 112285, at *5 (D. Mass. July 30, 1990)).

FNBC loan prior to the transfer to Girod was sufficient to trigger the application of Louisiana's sale of litigious rights law, La. Civ. Code art. 2652.[37]

Even if the Court finds that Girod successfully proved the three requirements of 28 U.S.C. § 1292(b), Cella asserts that Girod has failed to show that exceptional circumstances warrant immediate review of the Bankruptcy Court's ruling.[38] Cella argues that an immediate appeal would not reduce the costs of litigation because an appeal, even if successful, will not dispose of the entire case.[39] Instead, an appeal, if successful, would merely dispose of one of the claims in the case. Cella asserts that its claims for wrongful seizure, breach of contract, avoidance of preferential transfer and unjust enrichment will proceed to trial regardless of any interlocutory appeal, and that the same evidence and discovery will be necessary at trial despite whether the litigious redemption claim and the Louisiana Unfair Trade Practices claim are determined on appeal.[40] Thus, Cella maintains that an interlocutory appeal would not materially advance the litigation because it will have no effect other than causing unnecessary expense.[41]

## II.  LEGAL STANDARD

Title 28, United States Code, Section 158(a) governs the jurisdiction of this Court over an appeal from a bankruptcy court's order. Section 158(a) provides that district courts have jurisdiction to hear appeals from interlocutory orders and decrees

---

[37] R. Doc. 2 at pp. 6-7.
[38] *Id*. at p. 8 (citing *Matter of Magic Restaurants, Inc.*, 202 B.R. 24, 26-27 (D. Del. 1996)).
[39] R. Doc. 2 at p. 2.
[40] *Id*. at pp. 8-9.
[41] *Id*. at p. 9.

of bankruptcy judges. Under § 158(a), a party may appeal an interlocutory order of the bankruptcy court only "with leave of court." "The decision to grant or deny leave to appeal a bankruptcy court's interlocutory order is committed to the district court's discretion."[42] While § 158(a) and the Federal Rules of Bankruptcy Procedure do not expressly indicate the standard that should be used in considering whether to grant leave to appeal interlocutory orders from a bankruptcy court, the Fifth Circuit has stated that, "the vast majority of district courts faced with the problem have adopted the standard under 28 U.S.C. § 1292(b) for interlocutory appeals from district court orders."[43]

In accordance with § 1292(b), a district court must consider the following three elements in determining whether to permit an interlocutory appeal of a bankruptcy order: (1) whether a controlling issue of law is involved; (2) whether the question is one where there is substantial ground for difference of opinion; and (3) whether an immediate appeal would materially advance the ultimate termination of the litigation.[44] All three grounds in § 1292(b) must exist in order for the court to consider and grant an interlocutory appeal.[45] As with interlocutory appeals from district courts, bankruptcy interlocutory appeals are generally not favored because they

---

[42] *In re O'Connor*, 258 F.3d 392, 399-400 (5th Cir. 2001).
[43] *Matter of Ichinose*, 946 F.2d 1169, 1176-77 (5th Cir. 1991) (citations omitted); *See, e.g., In re Cent. Louisiana Grain Co-op, Inc.*, 489 B.R. 403, 408 (W.D. La. 2013). *See Harang v. Schwartz*, Civ. A. No. 13-58, 2013 WL 4648549, at *2 (E.D. La. Aug. 29, 2013); *In re Verges*, Civ. A. No. 07-0960, 2007 WL 955042, at *1 (E.D. La. Mar. 27, 2007); *Babin v. Hattier*, Civ. A. No. 93-4137, 1994 WL 43810, at *1 (E.D. La. Feb. 8, 1994).
[44] *Ichinose*, 946 F.2d at 1177.
[45] *Dorsey v. Navient Solutions, Inc.*, Civ. A. No. 15-2898, 2015 WL 6442572, at *2 (E.D. La. Oct. 23, 2015) (citing *In re Cent. Louisiana Grain Co-op, Inc.*, 489 B.R. at 411).

disrupt the bankruptcy proceedings.[46] Thus, some courts will grant interlocutory appeals only in "exceptional situations."[47]

### III. ANALYSIS

The Court finds that Girod has failed to demonstrate exceptional circumstances to justify granting it leave to appeal the Bankruptcy Court's ruling on its Motion for Partial Summary Judgment. Girod has not shown that the three elements set forth in 28 U.S.C. § 1292(b), which this Court must consider in determining whether to allow an interlocutory appeal of a bankruptcy decision, are met in this case. Girod asserts that the Bankruptcy Court's ruling involves a controlling question of law—the doctrine of litigious rights under La. Civ. Code art. 2652—because, "Should Girod prevail, the claim for redemption would be dismissed, rendering further proceedings and trial on that issue unnecessary," and because, "It would also save time and expense on litigating an issue that should be settled as a matter of law. It would further save time and expense by rendering a later appeal by right unnecessary."[48] As Girod recognizes, an issue of law is controlling when "it has the potential to impact the course of the litigation."[49] What Girod fails to recognize, however, and what this Court further explained in the case cited by Girod, is that, "If reversal of the bankruptcy court's decision would result in dismissal of the action, the

---

[46] *See In re Cross*, 666 F.2d 873, 878 (5th Cir. Unit B 1982); *In re Executive Officer Centers, Inc.*, 75 B.R. 60 (E.D. La. 1987).
[47] *In re Cent. Louisiana Grain Co-op, Inc.*, 489 B.R. at 408.
[48] R. Doc. 1 at ¶ 16.
[49] *Id.* at ¶ 15 (quoting *Dorsey v Navient Solutions, Inc.*, Civ. A. No. 15-2898, 2015 WL 6442572 (E.D. La. Oct. 23, 2015)) (internal quotation marks omitted).

issue of law is controlling."[50]  Additionally, "[A]n issue is not seen as controlling if its resolution on appeal would have little or no effect on subsequent proceedings."[51] Courts in this Circuit have also consistently recognized that the issue of whether an interlocutory appeal involves a controlling question of law is "closely tied" to the requirement that the appeal will materially advance the ultimate termination of the litigation.[52]

As Cella points out, reversal of the Bankruptcy Court's ruling on Girod's Motion for Partial Summary Judgment would not result in dismissal of the action, but only dismissal of one of several claims asserted by Cella in the pending adversary proceeding.[53]  Thus, the Court finds that Girod has failed to show that the Bankruptcy Court's ruling involves a controlling issue of law.  For the same reason, the Court finds that Girod has failed to show that allowing an immediate appeal of the Bankruptcy Court's ruling will materially advance the ultimate termination of the case.  The Court further finds that, rather than advancing this case, permitting an immediate appeal of the Bankruptcy Court's ruling would merely prolong this case.  In light of the fact that Cella has represented to the Court that this matter is scheduled for trial before the Bankruptcy Court to begin on July 27, 2020,[54] and that the parties would need to submit briefs prior to this Court considering the appeal,

---

[50] *Dorsey*, Civ. A. No. 15-2898, 2015 WL 6442572 at *2 (citing *In re Central Louisiana Grain Co-op, Inc.*, 489 B.R. at 411).
[51] *In re Central Louisiana Grain Co-op, Inc.*, 489 B.R. at 411 (quotation and internal quotation marks omitted).
[52] *See In re Central Louisiana Grain Co-op., Inc.*, 489 B.R. at 411 (quoting *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723 (N.D. Tex. 2006) (quotation marks omitted); *Dooley v. MB Industries, LLC*, Civ. A. No. 16-0362, 2018 WL 521795, at *6 (W.D. La. Jan. 22, 2018) (same).
[53] *See* R. Doc. 2 at pp. 8-9.
[54] R. Doc. 2 at pp. 2 & 5.

granting leave to appeal the Bankruptcy Court's ruling would likely cause delay, rather than materially advance, the ultimate termination of the litigation.[55]

As previously discussed, all three elements in 28 U.S.C. § 1292(b) must exist in order for the Court to grant an interlocutory appeal of a bankruptcy court ruling.[56] Because Girod has not shown that the first or third elements of § 1292(b) are met in this case, the Court need not determine whether Girod can satisfy the second element of § 1292(b)—that there is substantial ground for difference of opinion regarding a controlling issue of law raised in the Bankruptcy Court's ruling.

The Court further finds that judicial economy, efficiency, and the interests of the parties in obtaining an overall conclusion of the bankruptcy proceeding weigh in favor of allowing the Bankruptcy Court to proceed and to complete the case in its entirety.[57] Accordingly, the Court finds that Girod has failed to demonstrate that leave should be granted to file an interlocutory appeal of the Bankruptcy Court's ruling denying Girod's Motion for Partial Summary Judgment under 28 U.S.C. § 1292(b).

---

[55] *See Free v. Winborne*, Civ. A. No. 17-918, 2017 WL 3597883, at *2 n.6 (W.D. La. Aug. 18, 2017).
[56] *Dorsey v. Navient Solutions, Inc.*, Civ. A. No. 15-2898, 2015 WL 6442572, at *2 (E.D. La. Oct. 23, 2015) (citing *In re Cent. Louisiana Grain Co-op, Inc.*, 489 B.R. 403, 411 (W.D. La. 2013)).
[57] *See In Re: Babcock & Wilcox Co.*, Civ. A. Nos. 04-302, 03-1065, 2004 WL 626288, at *3 (E.D. La. Mar. 29, 2004).

## IV.   CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that the Motion For Leave to Appeal Filed By Girod LoanCo, LLC[58] is **DENIED.**

New Orleans, Louisiana, July 15, 2020.

*[Signature: Wendy B. Vitter]*
**WENDY B. VITTER**
**United States District Judge**

---

[58] R. Doc. 1.